**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MATTHEW PATRICK COUGHLIN, )<br>)<br>       **Petitioner,**     )<br>)<br>vs.                                     )<br>)<br>WARDEN BEAR,           )<br>)<br>       **Respondent.**    )  | Case No. 15-CV-457-TCK-TLW |

**OPINION AND ORDER**

On August 14, 2015, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2007-3356. See Dkt. # 1 at 1. By Order filed August 17, 2015 (Dkt. # 3), the Court denied the motion to proceed in forma pauperis, required Petitioner to pay the $5.00 filing fee, and directed Petitioner to file a response demonstrating why his petition should not be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. On September 11, 2015, Petitioner paid the $5.00 filing fee (Dkt. # 4) and filed his response (Dkt. # 5).

As stated in the prior Order (Dkt. # 3), the Court's records reflect that Petitioner has in the past filed another petition for writ of habeas corpus in this Court. In N.D. Okla. Case No. 10-CV-641-TCK-TLW, Petitioner challenged his conviction entered in Tulsa County District Court, Case No. CF-2007-3356. On October 15, 2013, the Court denied the petition and denied a certificate of appealability. The Court entered judgment in favor of Respondent on October 15, 2013. Petitioner did not appeal that ruling to the Tenth Circuit Court of Appeals.

Petitioner has now filed a second petition for writ of habeas corpus, again challenging his conviction entered in Tulsa County District Court, Case No. CF-2007-3356. Based on the Court's ruling in N.D. Okla. Case No. 10-CV-641-TCK-TLW, this petition is a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(a),(b). The Tenth Circuit has determined that, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1251 (citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition (Dkt. # 1) and Petitioner's response (Dkt. # 5), the Court finds that there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer and that it would be a waste of judicial resources to transfer this petition, raising only frivolous claims, to the Tenth Circuit. For that reason, the petition for writ of habeas corpus shall be dismissed without

prejudice for lack of jurisdiction. Cline, 531 F.3d at 1252. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** as a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals.

**DATED** this 3rd day of March, 2016.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE